IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR KAHLIFE KING, | CASE NO. CV-F-04-5641 AWI DLB HC |
| Petitioner, | |
| vs. | ORDER DENYING PETITIONER'S MOTION TO STAY |
| SCOTT KERNAN, Warden, | [Doc. 28] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner filed the instant petition for writ of habeas corpus on April 29, 2004. On January 10, 2005, Petitioner filed a motion to withdraw Ground Two from the petition. On February 9, 2005, Respondent filed a motion to dismiss the petition. On March 22, 2005, the Court issued Findings and Recommendations recommending that Petitioner's request to withdraw the unexhausted claims be granted, Respondent's motion to dismiss be denied as moot, and Grounds Two and Four of the petition be dismissed. The Findings and Recommendation was adopted in full on May 24, 2005.

On January 9, 2006, Respondent filed an answer to the petition. On January 23, 2006, Petitioner filed a traverse.

Now pending before the Court is Petitioner's motion to stay the petition, filed December 26,

2006.  Respondent filed an opposition on February 13, 2007.

**DISCUSSION**

Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits.  Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir. 1998).  The Ninth Circuit has indicated that it is proper for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to return to state court to exhaust his state remedies.  Kelly v. Small, 315 F.3d 1063, 1070 ((th Cir. 2004); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134 F.3d 981.

In Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005), the Supreme Court held that a district court has discretion to stay a mixed petition to allow a petitioner to present his unexhausted claims to the state court in the first instance and then to return to federal court for review of his perfected petition.  Nevertheless, stay and abeyance is available only in limited circumstances, because the procedure frustrates AEDPA's[1] objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings and undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. Id. at 277.  The Supreme Court held that a stay and abeyance is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id.

In Rhines, the Supreme Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  Rhines, 544 U.S. at 278.

The Ninth Circuit has questioned, but not resolved, whether the standards set forth by the United States Supreme Court in Rhines apply when the petitioner seeks to stay a fully exhausted

---

[1] AEDPA refers to the Antiterrorism and Effective Death Penalty Act of 1996.

1  petition. Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005). The Ninth Circuit noted that Rhines
2  held that the district court authorized stays of *mixed* petitions in limited circumstances. Id. at 660.
3  The Ninth Circuit suggested that the "three-step stay-and-abeyance procedure approved in Taylor
4  and Kelly" might still be valid. Id.; see Kelly v. Small, 315 F.3d 1063; Taylor, 134 F.3d 981. This
5  implicates that the limitations set on the stay and abeyance in Rhines might not apply. See Jackson,
6  425 F.3d at 659; see e.g. Romero v. Runnels, No. CIV S-04-0459, 2006 WL 2460736 at *2 (E.D.
7  Cal. Aug. 23, 2006); Lugo v. Kirkland, No. C 05-0580, 2006 WL 449130 at *4 (N.D. Cal. Feb. 22,
8  2006). The Court need not resolve the question whether Rhines applies to the instant stay because
9  even if the minimal limitations of Taylor and Kelly apply, Petitioner is still not entitled to a stay.

10         Here, the current petition pending before the Court contains only exhausted claims.
11  Petitioner indicates that he wishes to exhaust a claim of ineffective assistance of trial and appellate
12  counsel. However, Petitioner fails to state any reasons or justification why Petitioner waited well
13  over two years from the filing of the petition to attempt to exhaust this additional claim or claims,
14  nor does Petitioner provide the Court with any basis to make a determination regarding the existence
15  of good cause for granting the stay. Petitioner has previously withdrawn an unexhausted claim and
16  stated his intention to proceed only with the exhausted claims raised in the initial petition. (See
17  Court Doc. 6.) Thus, if Petitioner wished to exhaust new or additional claims, he could and should
18  have sought leave to stay and exhaust at that time. Moreover, as mentioned above, Respondent has
19  already filed his response to which Petitioner has replied, both of which bear only upon the claims
20  included in the initial petition. Furthermore, as previously noted, Petitioner has not provided the
21  Court with any justification for attempting to raise or even exhaust this new claim. The instant
22  motion is the first mention of any new claims. These factual circumstances support a finding that
23  Petitioner is attempting to merely stall the process of federal review. See Taylor, 134 F.3d at 986
24  n.11. As such, the Court finds that a stay is not warranted under Rhines, Taylor or Kelly. Thus,
25  based on the lack of justification and substantial delay in raising the new claim(s), Petitioner's
26  motion must be denied.

27         In light of the foregoing, the Court cannot conclude that Petitioner's interest in obtaining
28  federal review of the new claim(s) outweighs the competing interests in finality and speedy

resolution of federal petitions.  <u>Rhines</u>, 544 U.S. at 277-278.  Accordingly, Petitioner's motion is DENIED.[2]

    IT IS SO ORDERED.

    **Dated:  May 15, 2007**                                **/s/ Dennis L. Beck**
                                                                          UNITED STATES MAGISTRATE JUDGE

---

[2] The Court will review the merits of Petitioner's petition in due course.

<mark>4</mark>