IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR KAHLIFE KING, | CASE NO. CV-F-04-5641 AWI DLB HC |
| Petitioner, | ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |
| vs. | [Doc. 36] |
| SCOTT KERNAN, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On September 20, 2007, the Court denied Petitioner's petition for writ of habeas corpus, and judgment was entered in favor of Respondent this same day. (Court Docs. 32, 34, 35.) On October 1, 2007, Petitioner filed a notice of appeal. (Court Doc. 36.) Although no express request was made for a certificate of appealability, the notice of appeal shall be deemed to constitute a request for a certificate. See Fed. R.App. P. 22(b); United States v. Asrar, 108 F.3d 217, 218 (9th Cir. 1997).

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a

district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If the court denies a petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While Petitioner, is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 337-38.

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right.  Reasonable jurists would not disagree over whether Petitioner's attorney's filing of a Wende brief was ineffective assistance of counsel given Petitioner's failure to show what favorable issue Petitioner's attorney failed to raise.  Reasonable jurists would also not disagree with this court's finding that Petitioner's state conviction for bank robbery was not unconstitutional merely because it could have been tried in federal court.

Accordingly, the Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:   October 16, 2007**                         **/s/ Anthony W. Ishii**
                                                      UNITED STATES DISTRICT JUDGE